UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JAMES MAMOLA, et al.,

Plaintiffs,

v.

JPMORGAN CHASE BANK, N.A., an Ohio corporation, et al.,

Defendants.

No. 2:14-cv-02688-MCE-EFB

**ORDER**

Plaintiffs James and Laurie Mamola ("Plaintiffs") initiated this action against JPMorgan Chase Bank, N.A., as successor by merger to Chase Home Finance, LLC ("Chase"), Federal National Mortgage Association ("Fannie Mae"), and Quality Loan Service Corporation ("Quality") (collectively "Defendants") on August 29, 2014, in Sacramento County Superior Court. Pls. Compl., ECF No. 1-1. Chase and Fannie Mae (together "Removing Defendants") removed the action to this Court on November 14, 2014, after which Plaintiffs filed their First Amended Complaint ("FAC"), ECF No. 5. Presently before the Court are Plaintiffs' Motion to Remand (ECF No. 6) and Removing Defendants' Motion to Dismiss (ECF No. 8). For the following reasons, Plaintiffs' Motion is DENIED, and Removing Defendants' Motion is GRANTED with leave to amend.[1]

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

## BACKGROUND[2]

In April 2007, Plaintiffs obtained a home loan, executing a Note secured by a Deed of Trust.[3] A little over two years later, Plaintiffs, who were then current on their mortgage payments, contacted their loan servicer, the predecessor to Defendant Chase, to attempt to negotiate a loan modification. Plaintiffs were advised they would not be considered for a modification until they had missed payments. Plaintiffs thereafter stopped making mortgage payments and, in August 2009, applied for a loan modification. Over the course of the next several months, Chase repeatedly requested financial documentation, many times requesting the same documents Plaintiffs had already previously provided. In fact, according to Plaintiffs, they submitted the same packets of documents to Chase on at least four separate occasions.

Eventually, in March 2010, Plaintiffs were offered a trial payment plan. Under that plan, Plaintiffs were required to make three consecutive timely payments, after which Chase would contact Plaintiffs to advise as to how future payments should be made. Despite Plaintiffs making the requested payments, however, they were never contact by Chase. Instead, Chase recorded a Notice of Default on Plaintiffs' loan, and, subsequently, in July 2010, recorded a Notice of Trustee's Sale.

In response, Plaintiffs filed for bankruptcy, but Plaintiffs did not schedule the claims raised here with the bankruptcy court. Defs.' Request for Judicial Notice ("RJN"), ECF No. 8-2, Exs. A-C.[4] Eventually Plaintiffs' debts were discharged. Id., Exh. D.

---

[2] Plaintiffs filed a Motion to Remand directed at undoing the removal of their original Complaint and simultaneously filed a First Amended Complaint, which is the subject of Removing Defendants' Motion to Dismiss. The facts relative to the Court's decision are materially the same in both pleadings, and, in the interest of judicial economy, the Court has considered both. Accordingly, unless otherwise indicated, the following facts are taken, at times verbatim, from both the Complaint and the FAC.

[3] Plaintiffs' residence, which is the property underlying the mortgage at issue, is located in Sacramento, California, such that venue is proper in this Court.

[4] Removing Defendants' unopposed Request for Judicial Notice (ECF No. 8-2) is GRANTED. See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (Courts may take judicial notice of "matters of public record" without converting a motion to dismiss to one for summary judgment.).

While the bankruptcy proceedings were ongoing, Chase continued to request from Plaintiffs additional financial documentation relevant to their modification application. During this time, Chase also purportedly foreclosed on the property, later realized that sale had been in error, rescinded it, and dismissed an unlawful detainer action it had filed against Plaintiffs. Plaintiffs thereafter were permitted to submit a new loan modification application. Overall, Plaintiffs spent approximately two years attempting to secure a modification before they were finally advised by Chase in February 2011 that they did not qualify based on their income. The property was sold at auction on September 21, 2012. According to Plaintiffs, had they known at the outset that they would not qualify for a loan modification, they could have taken steps to cure their default and would not have lost their home.

As a consequence, Plaintiffs initiated this action against Defendants on August 29, 2014, in Sacramento County Superior Court alleging only state law causes of action. That same day, Plaintiffs moved to reopen their bankruptcy proceedings to schedule their instant claims and to have those claims abandoned by the bankruptcy trustee. On approximately October 14, 2014, Quality, the only Defendant that is a citizen of California, filed a Declaration of Non-Monetary Status ("DNMS") in state court pursuant to California Civil Code section 2924l. The following month, Removing Defendants removed the action to this Court and filed their Motion to Dismiss. Plaintiffs subsequently filed their own Motion to Remand.

## STANDARD

### A. Motion to Remand

When a case "of which the district courts of the United States have original jurisdiction" is initially brought in state court, the defendant may remove it to federal court "embracing the place where such action is pending." 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under

28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." Id. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." Id. § 1332(a)(1)-(2). Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. Id.; Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996) (stating that complete diversity of citizenship is required).

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v. Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal citations omitted). "[I]f there is any doubt as to the right of removal in the first instance," the motion for remand must be granted. Id. Therefore, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" to state court. 28 U.S.C. § 1447(c).

**B. Motion to Dismiss**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6),[5] all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell

[5] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the

amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

### A. Plaintiffs' Motion to Remand

Plaintiffs, who are California citizens, move to remand on the basis that complete diversity is lacking because Quality is also a citizen of California. Defendants disagree, arguing that Quality is a nominal defendant, both because it filed a DNMS in state court and because the Trustee's citizenship should be disregarded even absent the filing of a DNMS as Quality is immune from suit.

"[F]ederal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Kuntz v. Lamar Corp., 385 F.3d at 1183. In cases such as this one, "[u]nder Ninth Circuit law, courts should 'ignore the citizenship of nominal or formal parties who have no interest in the action, and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant.'" Segura v. v. Wells Fargo Bank, NA, 2014 WL 4798890, *4 (C.D. Cal.) (quoting Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc., 304 F.3d 867, 873 (9th Cir. 2000)). Removing Defendants bear the burden of proving a defendant is a

nominal party. Id. (internal quotations and citations omitted). Defendants have met their burden here, and, while the Court declines to find Quality a nominal defendant based solely on the filing of the DNMS, it nonetheless deems Quality nominal based on the factual allegations set forth in the Complaint.

Under California Civil Code section 2924l, a party may file a DNMS in state court if the party is a trustee under a deed of trust, has been named in an action in which the deed of trust is the subject, and reasonably believes that it has been named solely in its capacity as trustee. Cal. Civ. Code § 2924l. Any party who opposes the declaration has 15 days to object, and if there is no timely objection, then the trustee shall be deemed a "nominal" party. Id. This Court, however, recently found "that the filing of a DNMS is a state procedural requirement not controlling for purposes of determining diversity." Natividad v. Ocwen Loan Servicing, LLC, 2014 WL 6611054, at *3 (E.D. Cal.). "Accordingly, [Quality] will not be considered a nominal Defendant based solely on the filing of a DNMS." Id.

Quality is nonetheless still a nominal party in this case based on its statutory immunities. "Trustees are granted immunity for their actions under California law barring allegations of malice." Segura, 2014 WL 4798890 at *4. A trustee entitled to that statutory immunity is considered a nominal party. Id. The only facts Plaintiffs pled as to Quality are that it performed its ministerial duties as trustee. Unlike in the complaint at issue in Natividad, where this Court found sufficient allegations of malice to overcome the trustee's statutory hurdle, there is no indication here, for example, that Quality had any notice of any of its co-Defendants' purportedly fraudulent practices or wrongful conduct. Accordingly, as alleged, Quality is a nominal party whose citizenship may be ignored for diversity purposes. Since Quality is the only Defendant that is a citizen of California, and the parties do not dispute that the amount in controversy is met, Plaintiffs' motion to remand is DENIED.

///

///

**B. Defendants' Motion to Dismiss**

Defendants move to dismiss Plaintiffs' complaint on a number of grounds. Defendants' most persuasive argument, however, disposes of the entire FAC.

Defendants contend that Plaintiffs are judicially estopped from pursuing their claims here because they failed to disclose them in the bankruptcy court. They are correct. See Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 784 (9th Cir. 2001) (debtor "precluded from pursuing claims about which he had knowledge, but did not disclose, during his bankruptcy proceedings, and . . . a discharge of debt by a bankruptcy court, under these circumstances, is sufficient acceptance to provide a basis for judicial estoppel, even if the discharge is later vacated"). The only argument Plaintiffs make in opposition to dismissal is that, even though their debts have been discharged, they re-opened their bankruptcy case the day they initiated this action to amend their schedules so that judicial estoppel no longer applies. This argument runs contrary to common sense in that it would permit debtors to play "fast and loose with the courts." Id. (internal citations and quotations omitted). Moreover, this precise argument has been rejected by the bankruptcy courts in this district as well. See Rose v. Beverly Health and Rehabilitation Svs., Inc., 356 B.R. 18, 27 (E.D. Cal. 2006) (attempt to reopen bankruptcy proceeding did not prevent plaintiff from being judicially estopped from pursuing civil claims she never disclosed to the bankruptcy court prior to discharge). Accordingly, the Motion to Dismiss is GRANTED with leave to amend.

///

///

///

///

///

///

///

///

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Motion to Remand (ECF No. 6) is DENIED, and Defendants' Motion to Dismiss (ECF No. 8) is GRANTED with leave to amend. Plaintiffs may, but are not required to file an amended complaint. If no amended complaint is filed within the twenty (20) days following the date this Order is electronically filed, Plaintiffs' First Amended Complaint will be dismissed with prejudice in its entirety upon no further notice to the parties.

IT IS SO ORDERED.

Dated: April 1, 2015

MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT