UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MAMOLA, et al.,<br><br>   Plaintiffs,<br><br>  v.<br><br>JP MORGAN CHASE BANK, N.A., an Ohio corporation, et al.,<br><br>   Defendants. | No. 2:14-cv-02688-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiffs James and Laurie Mamola ("Plaintiffs") allege causes of action for intentional misrepresentation, negligent misrepresentation, negligence, violation of Business and Professions Code § 17200, unjust enrichment and promissory estoppel arising from Defendants' alleged misrepresentations regarding a loan modification. Pending before the Court is Defendants' Motion to Dismiss ("Motion") the operative Third Amended Complaint ("TAC"). ECF No. 28. For the reasons that follow, Defendants' Motion is GRANTED.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

# BACKGROUND[2]

In April 2007, Plaintiffs obtained a home loan, executing a Note secured by a Deed of Trust to secure the purchase of their home (the "Property").  A little over two years later, Plaintiffs, who were then current on their mortgage payments, contacted their loan servicer, the predecessor to Defendant JP Morgan Chase Bank, N.A., to attempt to negotiate a loan modification.  Plaintiffs were advised they would not be considered for a modification until they had defaulted on their loan.  They thereafter stopped making mortgage payments and, in August 2009, applied to have their loan modified.  Over the course of the next several months, Chase repeatedly requested financial documentation, many times requesting the same documents Plaintiffs had already previously provided.  In fact, according to Plaintiffs, they submitted the same packets of documents to Chase on at least four separate occasions.

Eventually, in March 2010, Plaintiffs were offered a trial payment plan.  Under that plan, Plaintiffs were required to make three consecutive timely payments, after which Chase would contact Plaintiffs as to how future payments should be made.  According to Plaintiffs, they made the requested payments, but Chase never contacted them about any further remittance.  Instead, Chase recorded a Notice of Default on Plaintiffs' loan, and subsequently, in July 2010, recorded a Notice of Trustee's Sale.

In response, Plaintiffs filed for bankruptcy, although they did not schedule their instant claims as required by the bankruptcy court.  According to Plaintiffs, at the time they filed their bankruptcy petition they still believed that Chase's bankruptcy attorney was working with them in good faith to resolve the loan modification issues.  As such, they had no subjective reason to believe any claims such as those now asserted by way of this lawsuit had arisen.  Eventually, Plaintiffs' debts were discharged.

///

---

[2] Unless otherwise indicated, the following facts are taken, at times verbatim, from the TAC (ECF No. 27).

In the meantime, however, while the bankruptcy proceedings were ongoing, Chase continued to request from Plaintiffs additional financial documentation relevant to their modification application. During this time, Chase also purportedly foreclosed on the Property, later realized that sale had been in error, rescinded it and dismissed an unlawful detainer action it had filed against Plaintiffs. Plaintiffs thereafter were permitted to submit a new loan modification application. Overall, Plaintiffs spent approximately two years attempting to secure a modification before they were finally advised by Chase in February 2011 that they did not qualify based on their income. The Property was sold at auction on September 21, 2012. According to Plaintiffs, had they known at the outset that they would not qualify for a loan modification, they could have taken steps to cure their default and would not have lost their home.

As a consequence, Plaintiffs initiated the action. Defendants have now moved to dismiss the operative TAC, and, for the following reasons, that Motion is GRANTED.

## STANDARD

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)[3], all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic

---

[3] All further references to "Rule" or "Rules" shall be to the Federal Rules of Civil Procedure unless otherwise indicated.

recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, ___ U.S. ____,129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Id. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . .

carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Plaintiffs allege six causes of action in their TAC: (1) intentional misrepresentation; (2) negligent misrepresentation; (3) negligence; (4) violation of California Business and Professions Code § 17200 ("UCL"); (5) unjust enrichment; and (6) promissory estoppel. As this Court has previously held, each of these causes of action sounds in fraud and they are insufficiently pled under Rule 9(b).

### A.   Intentional and Negligent Misrepresentation

When a claim for fraud is raised, Rule 9(b) provides that "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Neubronner v. Milken, 6 F.3d 666, 671-72 (9th Cir. 1993) (internal quotations and citations omitted). "The complaint must specify such facts as the times, dates, places, benefits received, and other details of the alleged fraudulent activity." Id. at 672. "For corporate defendants, Plaintiffs must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Boulton v. US Tax Association, LLC., No. 2:15-CV-02384-MCE-AC, 2016 WL 1461772, at *4 (quoting Flowers v. Wells Fargo Bank, N.A., No. C 11-1315 PJH, 2011 WL 2748650, at *6 (N.D. Cal. July 13, 2011).

5

Rule 9(b) is triggered by a party's simply "alleging fraud or mistake . . . ." Fed. R. Civ. P. 9(b).

According to Plaintiffs, Defendants allegedly misrepresented that Plaintiffs had to be in default to be considered for a loan modification, that Defendants were considering Plaintiffs for a modification they had no intention of granting, and that Defendants intended to induce Plaintiffs' default so they could collect higher servicing fees. The Court once more rejects these fraud claims as insufficiently pled.

There is no dispute that Defendants never promised to modify Plaintiffs' loan. Plaintiffs instead argue primarily that Defendants' representations that Plaintiffs had to default to be considered for a modification were false because federal law at the time only required that a borrower be in <u>imminent risk of a default</u>, not that a borrower already have missed payments. However, Defendants could have had their own internal requirements regarding when they would consider borrowers for a modification. That is, Defendants could have decided themselves that they would only consider applications from borrowers who were already in default, and Plaintiffs do not allege to the contrary. Nor have Plaintiffs alleged facts to show that Defendants never intended to grant Plaintiffs' modification request or that any of their statements were made to induce Plaintiffs' ongoing nonpayment. Under Rule 9(b), conclusory and generalized allegations regarding potentially higher servicing fees are not enough. Having failed to point to any actionable false statement, Plaintiffs are also unable to show any causal connection between Defendants' conduct and any purported damages. Accordingly, Plaintiffs have again failed to state a claim, and Defendants' Motion to Dismiss is GRANTED.[4]

///
///

---

[4] This Court has previously held that each of Plaintiffs' causes of action sounds in fraud. To the extent Plaintiffs' remaining claims are based on the same misrepresentations alleged with respect to the first two causes of action, they are thus dismissed on the same grounds set forth in this subsection as well. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003). The Court nonetheless addresses further arguments supporting dismissal of those additional causes of action below.

**B.     Negligence**

Plaintiffs allege that Defendants "had a duty to act reasonably in performing its duties as loan servicer in handling Plaintiffs' loan modification." TAC ¶ 72. To state a cause of action for negligence, plaintiff must allege: (1) the defendant has a legal duty to use due care, (2) the defendant breached such legal duty, (3) the defendant's breach was the proximate or legal cause of the resulting injury, and (4) damage to the plaintiff. Ileto v. Glock, Inc., 349 F.3d 1191, 1203 (9th Cir. 2003). The existence of a legal duty on the part of the defendant is a question of law to be determined by the court. Kentucky Fried Chicken of California, Inc. v. Superior Court, 14 Cal.4th 814, 819 (1997); Isaacs v. Huntington Memorial Hospital, 38 Cal.3d 112, 124 (1985). When not provided by statute, the existence of such a duty depends upon the foreseeability of the risk and a weighing of policy considerations for and against the imposition of liability. Jacoves v. United Merchandising Corp., 9 Cal. App. 4th 88, 105 (1992).

As a general rule, however, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." Nymark v. Heart Fed. Sav. & Loan Assoc., 231 Cal. App. 3d 1089, 1096 (1991). A lender's liability to a borrower for negligence arises only under special circumstances, such as "when the lender actively participates in the financed enterprise beyond the domain of the usual money lender." Id. Plaintiffs have not alleged facts sufficient to infer that this is such a case. Indeed, this Court has only found that the existence of a duty was sufficiently pled in the context of a similar Rule 12(b)(6) Motion in a different situation where lender agents had repeatedly advised plaintiffs that they should pursue a loan modification and affirmatively assured them they would qualify if they did so. See Trigueiro v. Bank of America, N.A., 2015 WL 4983599, *7 (E.D. Cal. 2015). That situation differs from the instant one, because, especially absent the insufficient fraud allegations, no affirmative promises were made and there is nothing set forth in the complaint to distinguish this case from a typical challenge to the denial of a loan modification. This case is thus much more on

1 par with the vast majority of challenges to lender modification procedures where no duty
2 is found.  Because there was no duty of care owed to Plaintiffs, Defendants' Motion to
3 Dismiss is GRANTED.

### A. Unlawful Business Practices in Violation of Bus. & Prof. Code § 17200, et seq.

Defendants have moved to dismiss the UCL cause of action, arguing that Plaintiffs fail to articulate the requisite pecuniary loss required to state a claim.  Under the UCL, a plaintiff must have suffered an injury in fact and lost money or property as a result of the alleged unfair or fraudulent practices.  Cal. Bus. & Profs. Code § 17204; DeLeon v. Wells Fargo Bank, No. 10-CV-01390, 2011 WL 311376 at *7 (N.D. Cal. Oct. 22, 2010).  Moreover, "[d]amages cannot be recovered; rather, plaintiffs are limited to injunctive relief and restitution."  In re: First American Home Buyers Protection Corp. Class Action Litigation, 313 F.R.D. 578, 608 (S.D. Cal. 2016) (citations omitted). Plaintiffs' instant claim thus fails because the only loss that they contend provides a basis for this cause of action is the actual loss of the property.  Pl.'s Opp. at 17. However, as Plaintiffs make clear, they "do not seek to set aside the sale, nor do they complain of defects in the foreclosure procedure."  Id. at 9.  Instead, "[t]hey seek damages related to Defendants' conduct."  Id.  Given this, Defendants are correct that Plaintiffs have failed to state a claim for either injunctive relief or restitution under the UCL, and this cause of action is DISMISSED as well.

### B. Unjust Enrichment

Plaintiffs' Fifth Cause of Action for unjust enrichment is based on Defendants' alleged intent to retain the benefits of Plaintiffs' participation in the modification process. "Courts consistently have held that unjust enrichment is not a proper cause of action under California law."  McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1059 (C.D. Cal. 2014) (quoting In re Toyota Motor Corp. Unintended Acceleration, Mktg., Sales

///

Practices, & Prods. Liab. Litig., 754 F.Supp.2d 1145, 1194 (C.D. Cal. 2010)).

Defendants' Motion is thus GRANTED as to Plaintiffs' unjust enrichment cause of action.

### C. Promissory Estoppel

Plaintiffs' Sixth Cause of Action for promissory estoppel is based on Defendants' alleged promise that if Plaintiffs made three consecutive trial payments of $2,058.12, Defendants would contact Plaintiffs as to how to make future payments.  TAC ¶ 90. Plaintiffs appear to allege that the promise to contact Plaintiffs regarding future payments was akin to a promise to modify the loan.  To properly allege a cause of action for promissory estoppel, however, a plaintiff must adequately plead: (1) a clear and unambiguous promise; (2) reliance by the party to whom the promise is made; (3) reasonable and foreseeable reliance; and (4) injury as a result of that reliance.  See US Econology, Inc. v. State, 129 Cal. App. 4th 887, 901 (4th Dist. 2005); Solomon v. Aurora Loan Serv. LLC, No. CIV. 2:12-209 WBS KJN, 2012 WL 2577559 (E.D. Cal. July 3, 2012).

Plaintiffs do not allege that Defendants made any clear and unambiguous promises to grant a permanent loan modification once Plaintiffs made three consecutive trial payments.  At best, Defendants promised to contact Plaintiffs regarding future payments.  However, even under this construction of Defendants' promise, Plaintiffs again fail to allege a causal connection between the alleged promise and their detrimental reliance.  No factual allegations support the conclusion that Defendants' failure to contact Plaintiffs led to their continuous default on the original loan obligation, ultimately leading to foreclosure of the Subject Property or that Plaintiffs' decision to stop making payments at the end of the TPP period was justifiable based on the only promise set forth to support this claim, which is that Defendants would contact Plaintiffs regarding future payments.  See Vasquez v. Bank of America, N.A., 2013 WL 6001924, *15-16 (N.D. Cal. 2013) (holding that "cho[osing] to go into default and remain in that state for more than two years, without ever getting any clear indication that a loan modification was imminent, and long after [the plaintiff] could reasonably have expected that she

would suffer no negative repercussions for defaulting" could not constitute reasonable reliance as a matter of law).  Nor have Plaintiffs adequately pled that, absent reliance on this promise of further contact, they somehow would or could have cured their default and brought their loan into good standing.  Accordingly, Defendants' Motion to Dismiss Plaintiffs' promissory estoppel claim is also GRANTED.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 28) is GRANTED.  Plaintiffs have been given several opportunities to amend to no avail.  Accordingly, no further leave to amend is granted, and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  June 8, 2016

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE